41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derek Eugene MATTISON, Defendant-Appellant.
 No. 93-5501.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 11, 1994.
Decided Nov. 18, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CR-92-153)
 Roger T. Smith, Asheville, NC, for Appellant. Mark T. Calloway, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, NC, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 After robbing a bank in Asheville, North Carolina, Derek Eugene Mattison pled guilty to armed bank robbery in violation of 18 U.S.C. Sec. 2113(d) (1988); use of a firearm in a crime of violence, 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994); and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. Secs. 922(g)(1), 924(e)(1) (West Supp.1994). He was sentenced to 188 months for armed bank robbery and for use of a firearm in a crime of violence, to run concurrently, and sixty months for possession of a firearm by a convicted felon. A special assessment of $150 and a fine of $3000 were also imposed. On appeal, Mattison challenges the adequacy of the Fed.R.Crim.P. 11 proceeding, his sentencing as an armed career criminal, and the constitutional effectiveness of his trial counsel.* We affirm.
 
 
 2
 * Mattison first alleges that the district court failed to inform him of one of the elements of the offense of armed bank robbery, i.e., the use of a dangerous weapon. The district court has broad discretion in choosing the best method to inform the defendant of the charges against him and to ensure his understanding of those charges. United States v. DeFusco, 949 F.2d 114, 117 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). The defendant must be notified, either by court or counsel, of the critical elements of the offenses to which he is pleading guilty, Henderson v. Morgan, 426 U.S. 637, 644 (1976), but this information need not be conveyed at the Rule 11 hearing itself. DeFusco, 949 F.2d at 117.
 
 
 3
 The district court informed Mattison, immediately after the armed bank robbery discussion at the Rule 11 hearing, that use of a gun was an element of use of a firearm in a crime of violence. In addition, Mattison signed a plea agreement specifically referring to count three of the indictment, which properly set forth the elements of the offense, including use of a dangerous weapon. Thus, the record establishes that Mattison was adequately informed of the critical elements of the crimes to which he pled guilty. The district court's omission of four words in this case cannot be said to have affected Mattison's substantial rights, and should be disregarded. Fed.R.Crim.P. 11(h).
 
 II
 
 4
 Mattison asserts that his record does not support his conviction and sentencing as an armed career criminal, under 18 U.S.C. Sec. 924(e)(1) and United States Sentencing Commission, Guidelines Manual, Secs. 4B1.2, 4B1.4 (Nov.1992). He asserts that a North Carolina conviction for breaking and entering is not a violent felony under these provisions. The Supreme Court has held that burglary, as set out in the Armed Career Criminal Act, includes "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). The challenged breaking and entering conviction falls within this broad definition. Mattison's lengthy record fully supports his conviction and sentencing as an armed career criminal.
 
 III
 
 5
 Mattison seeks to challenge his conviction by attacking the effectiveness of his trial counsel. Such claims must be brought by motion under 28 U.S.C. Sec. 2255 (1988), unless it conclusively appears from the record that counsel was constitutionally ineffective. DeFusco, 949 F.2d at 120-21. Because the record here fails to establish conclusively that Mattison's attorney rendered ineffective assistance, we decline to review the issue in this appeal.
 
 
 6
 Accordingly, we affirm Mattison's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The government suggests that the appeal should be dismissed because Mattison waived his rights to appeal in his plea agreement. A defendant can knowingly and voluntarily waive his statutory right to appeal. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990). The waiver is not knowing or voluntary, however, if the district court fails to question the defendant specifically concerning the waiver provisions at the plea proceeding, and the record indicates that defendant did not otherwise fully understand their significance. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir.1991). We cannot conclude from this record that Mattison knowingly and voluntarily waived his rights